**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**



OCT 08 2019

Clerk, U.S. District and
Bankruptcy Courts

|  |  |  |
|---|---|---|
| Michael E. Hunt, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-2544 (UNA) |
| | ) | |
| | ) | |
| United States, Inc. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter, brought *pro se* by a North Carolina state prisoner, is before the Court on

review of the complaint and plaintiff's application for leave to proceed *in forma pauperis*. The

Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C.

§ 1915A (requiring immediate dismissal of a prisoner's case upon a determination that the

complaint is frivolous or fails to state a claim upon which relief can be granted).

A complaint that lacks "an arguable basis either in law or in fact" may be dismissed as

frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A "finding of factual frivolousness is

appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"

*Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Plaintiff has sued the "United States, Inc.," as

well as the United States of America and North Carolina. Compl. Caption. The complaint, such

as it is, includes 87 paragraphs of mostly random incoherent statements. Plaintiff's "Lawful

Claims" begin at paragraph 88, stating: "Claimant/accused/sovereign, Michael Eugene Hunt has

not voluntarily given his consent to enter into contracts with these corporations." *Id.* at 29.

Plaintiff continues: "The fictitious named Michael E. Hunt a strawman or dummy corporation

1

created by the government corporation without knowledge or intent of the natural person Michael Eugene Hunt only exists under color of law . . . strictly for the benefit of the corporations and its commerce." *Id.* ¶ 89. Plaintiff alleges that he "was unlawfully arrested and tried and convicted under a statutory claim on September 19, 1980," but he then adds "because of the registration program he was made a corporate fiction and he would have no rights." *Id.* ¶ 90. Regardless, plaintiff has no recourse in this Court with regard to his conviction. Plaintiff seeks equitable relief that is equally baffling. *See* Compl.¶¶ 93-97.

The prolix complaint is simply impossible to comprehend, and the Court foresees no possibility of a cure. Consequently, this case will be dismissed with prejudice. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (A dismissal with prejudice is warranted upon determining "that 'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (other citation omitted)). A separate order accompanies this Memorandum Opinion.

Date:   September __30__, 2019                 United States District Judge

2