FILED

Oct 29 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                    | )  |
|------------------------------------|----|
| MICHAEL E. HUNT,                   | ) |
|                                    | ) |
| Plaintiff,                         | ) |
|                                    | ) |
| v.                                 | )  Civil Action No. 1:19-cv-02544 (UNA) |
|                                    | ) |
| UNITED STATES, INC., *et al.*,     | ) |
|                                    | ) |
| Defendants.                        | ) |
|                                    | ) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), by which the court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, a prisoner designated to Warren Correctional Institution, located in Manson, North Carolina, sues "United States, Inc." and "North Carolina, sub-corporations[.]" As drafted, the prolix complaint fails to meet the minimum pleading standard set forth in Rule 8(a). The ambiguous and rambling allegations comprising the complaint fail to provide adequate notice of a



claim. The pleading is mostly comprised of various abstract academic ruminations on disparate subjects including, but not limited to: the three branches of government, the U.S. Constitution, common law, criminal law, tax law, religion, and corporations. Plaintiff postures vague and mostly-nonsensical allegations, for instance, that [sic] "[t]he fictitious name MICHAEL E HUNT a strawman, or dummy corporation created by the government corporation without knowledge or consent of the natural person Michael Eugene Hunt only exists under color of law[,]" and that [sic] "[t]he Corporate Miltiary Courts of Justice and Corporate Employees' no longer considers Claimant sovereign, born with a living soul, residing in the Republic of States." He seeks injunctive and declaratory relief memorializing such allegations.

This court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307-08.

The instant complaint satisfies this standard. In addition to failing to state a claim for relief, the complaint is deemed frivolous on its face. Consequently, the complaint and this case will be dismissed. A separate order accompanies this memorandum opinion.

DATE: October 25, 2019

CHRISTOPHER R. COOPER
United States District Judge